

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Limited my*
*O-2619*

Honorable Frank R. Murray
County Attorney
Carson County
Panhandle, Texas

Dear Sir:

Opinion No. O-1521
Re: Qualification of a school trustee
to hold that office after having
been convicted of driving an auto-
mobile while intoxicated.

Under date of September 30, 1939, you submit for
the opinion of this department the following question, which
we quote from your letter.

"* * * * whether or not the conviction of
a school trustee for driving an automobile while
intoxicated will disqualify such trustee from
said office?"

Article 5968, Revised Civil Statutes, provides,
in part, as follows:

"All convictions by a petit jury of any
county officers for any felony, * * * shall work
an immediate removal from office of the officer
so convicted. Each such judgment of conviction
shall embody within it an order removing such of-
ficer."

It is plain that the Legislature intended the
above statute to apply to any county officer convicted of
any felony by the very wording of the statute. No room is
left for any different construction and none can be made.

In Hendricks v. State ex rel. Eckford, 49 S. W.
705, the question involved was whether a school trustee was
a county officer. That court used the following language:

"Each of them is an officer in and for the
precinct of the county of which his precinct is
a part, and consequently of the county itself;
and we think there should be no difficulty in
construing the Constitution and the statutes as
including the officers of the precinct and dis-
tricts of a county in the general designation of
county officers."

The Hendricks case was approved by the Supreme Court of
Texas in the case of Bonner v. Belsterling, 104 Tex. 432,
and the court uses the following language: "In that case
(Hendricks v. State) the district was a subdivision of a
county and the trustee derived his authority solely from
the general law which applied to the county. He was there-
fore an officer in the county in the same sense as was a
Justice of the peace."

See Fowler et al v. Thomas et al, 275 S. W. 253,
and authorities cited therein, holding that a school trus-
tee is a county officer.

We conclude that a school trustee is a county
officer within Article 5968, Revised Civil Statutes, 1925,

Article 47, Penal Code, defines a felony in the
following language:

"An offense which may - not must - be punish-
able by death or by confinement in the peniten-
tiary is a felony; * * *"

We also call your attention to the opinion by
Judge Hawkins in the case of R. M. Gordon v. State, 135 Tex.
Criminal Reports 458, which sets out the provisions of Arti-
cle 802, Penal Code, as amended, and construing same. The
opinion, in part, reads as follows:

"Article 802, P. C., as amended, Acts 1937,
45th Legislature, Chap. 60, p. 108, provides:
'Any person who drives or operates an automobile
or any other motor vehicle upon any street or
alley, or any other place within the limits of
any incorporated city, town, or village or upon
any public road or highway in this State while
such person is intoxicated, or in any degree
under the influence of intoxicating liquor, shall

Honorable Frank R. Murray, Page 3

upon conviction be confined in the penitentiary for not more than two (2) years or be confined in the county jail for not less than five (5) days nor more than ninety (90) days and fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500).' The punishment permitted may in the discretion of the court or jury be confinement in the penitentiary and the offense is therefore a felony. If by the terms of the statute the jury is at liberty to inflict some milder punishment than imprisonment in the penitentiary that does not prevent the offense from being a felony. Campbell v. State, 22 Texas Crim. Rep. 262, 2 S. W. 825; Smith v. State, 115 Texas Crim. Rep. 88, 29 S. W. (2d) 350."

We also call your attention to 95 A. L. R. 1115, and authorities cited therein.

We conclude from the authorities cited in this opinion that the conviction of a school trustee for driving an automobile while intoxicated will disqualify such trustee from said office and render him subject to removal therefrom.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*
Cecil C. Cammack
Assistant

CCC:LM

APPROVED OCT 13, 1939

*Robert E...*

Acting ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN